1   Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
2   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 460
3   Pasadena, CA 91101
    Tel: (626) 795-4700
4   Fax: (626) 795-4790

5   Attorney for Defendant
    Joseph Eletto Transfer, Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10  VICTOR FUENTES, and individual,        CASE NO. **CV14-0790 ODW - FFM**x
    JOSE AVILA an individual; MARIO
11  NAVARRO, an individual; GEORGE
    GARCIA, JR., an individual;            **NOTICE OF REMOVAL**
12  Individually and on Behalf of All
    Similarly Situated Individuals,
13
                    Plaintiffs,
14
          v.
15
    MACY'S WEST STORES, INC., an
16  Ohio corporation JOSEPH ELETTO
    TRANSFER, INC., a New York
17  corporation, and DOES 1 through 25,
    Inclusive,
18
                    Defendants.
19

20

21

22        PLEASE TAKE NOTICE that Defendant Joseph Eletto Transfer, Inc. ("Eletto")

23  hereby removes this case from the Superior Court of the State of California for the

24  County of Los Angeles to the United States District Court for the Central District of

25  California. In support of removal, Eletto states as follows.

26

27

28

## I.    Plaintiffs sue Eletto and Defendant Macy's West Stores, Inc. in the Superior Court of the State of California for the County of Los Angeles.

Plaintiffs Victor Fuentes ("Fuentes"), Jose Avila ("Avila"), Mario Navarro ("Navarro"), and George Garcia, Jr. ("Garcia")[1] filed a putative Class Action Complaint in the Superior Court of the State of California for the County of Los Angeles on November 19, 2013 under Case No. BC528221 against Eletto and Macy's West Stores, Inc. ("Macy's"). Plaintiffs subsequently filed their First Amended Complaint on December 13, 2013 ("Amended Complaint"). Copies of all of the pleadings and papers Eletto is aware of having been filed in the Superior Court of the State of California for the County of Los Angeles are collected and attached as *Exhibit A*.

This case is removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a). This case is also removable under 28 U.S.C. § 1453(b) because it meets the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) (hereinafter "CAFA"). Eletto will discuss these independent bases for removal separately.

## II.    This case is removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under § 1332(a).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). As shown below, the Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. Finally, Macy's consents to removal.

---

[1]    The Amended Complaint names "George Garcia, Jr." in the caption, yet refers to "Gene Garcia, Jr." elsewhere. Eletto only has located records of a "Gene Garcia, Jr." and therefore assumes this is the individual bringing suit.

### A.   Plaintiffs and Defendants are citizens of different states.

**Fuentes** is a natural person[2] who "is, and at all relevant times was, a competent adult residing in California." Amend. Compl. ¶ 6. Fuentes "currently works as a Driver out of Macy's Logistics and Operations Center located in the City of Industry, California." *Id.* Fuentes holds a California driver's license that shows his home address in California. *See* the Declaration of Jim Vaughan ("Vaughan Decl."), attached as *Exhibit B*, ¶ 2. Fuentes lists California locations in the previous work history. *Id.*

**Avila** is a natural person who "is, and at all relevant times was, a competent adult residing in California." Amend. Compl. ¶ 7. Avila "currently works as a Driver out of Macy's Logistics and Operations Center located in the City of Industry, California." *Id.* Avila holds a California driver's license. Vaughan Decl. ¶ 3. Avila also holds a California identification card that shows his home address in California. *Id.* Avila lists California locations in the previous work history. *Id.*

**Navarro** is a natural person who "is, and at all relevant times was, a competent adult residing in California." Amend. Compl. ¶ 8. Navarro "worked as a Driver out of Macy's Logistics and Operations Center located in the City of Industry, California." *Id.* Navarro holds a California driver's license that shows his home address in California. Vaughan Decl. ¶ 4. Navarro furthermore lists California locations in the previous work history. *Id.*

---

[2]   The citizenship of natural persons is determined by domicile. *See Gilbert v. David*, 235 U.S. 561, 569 (1915). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).

**Garcia** is a natural person who "is, and at all relevant times was, a competent adult residing in California." Amend. Compl. ¶ 9. Garcia "worked as a Driver Assistant or commonly referred to by Defendants as a 'Helper' out of Macy's Logistics and Operations Center located in the City of Industry, California." *Id.* Garcia has lived in California for the past ten years. Vaughan Decl. ¶ 5.

**Eletto** is a New York corporation[3] whose headquarters – the company's center of direction, control, and coordination – is also based in New York. *Id.* ¶ 6.

**Macy's** is an Ohio corporation with its principal place of business in Ohio. *See* Declaration of Linda Balicki in Support of Removal, attached as *Exhibit C*, ¶¶ 3-4.

Thus, Plaintiffs are citizens of California, Eletto is a citizen of New York, and Macy's is a citizen of Ohio. Complete diversity is present.

### B.    The amount in controversy exceeds $75,000.

Fuentes asserts ten claims: (1) violation of Labor Code[4] §§ 216 and 1194; (2) violation of Labor Code § 1194; (3) violation of Labor Code §§ 510 and 1194; (4) violation of Labor Code §§ 512 and 226.7; (5) violation of Labor Code § 226; (6) violation of Labor Code §§ 201-203; (7) violation of Labor Code §§ 2800 and 2802; (8) violation of Labor Code §§ 3336 and 3294; (9) violation of Labor Code §§ 17200 et seq.; and (10) violation of Labor Code §§ 2698 *et seq.* While Eletto denies all of the material allega-

---

[3]    *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("'[P]rincipal place of business' is . . . the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination.").

[4]    Through this Notice of Removal, all references to "Labor Code" refer to the California Labor Code unless otherwise indicated.

tions in the Amended Complaint, the amount placed in controversy by virtue of Fuentes's claims exceeds the $75,000 jurisdictional threshold.[5]

### 1.    Fuentes's overtime claim places $63,684 in controversy.

Fuentes asserts a claim for failure to pay overtime compensation in violation of Labor Code §§ 510 and 1194. The statute of limitations on this claim is four years because Fuentes's allegations under the Unfair Competition Law authorize recovery or restitution of unpaid wages for a four-year period.  Cal. Civ. Pro. Code § 338; Cal. Bus. & Prof. Code § 17208.  Because Fuentes began work for a truck owner around March 4, 2010 (*see* Vaughan Decl. ¶ 2), he could theoretically recover unpaid overtime for at least 193 weeks (March 4, 2010 to November 19, 2013, the date the original Complaint was filed).

The Amended Complaint alleges that Fuentes and other drivers "typically worked 12 to 15 hours per day," Amend. Compl. ¶ 21, which averages out to 13.5 hours a day. "Drivers" and "Helpers" at the City of Industry location typically work at least five days a week. Vaughan Decl. ¶ 8.  Thus, allegedly, Fuentes worked 67.5 hours per week on average, of which 27.5 hours would be "uncompensated overtime." 27.5 hours times 193 weeks yields a total of 5,307 hours of uncompensated overtime. Assuming Fuentes was entitled to the minimum wage plus 50% for each of those hours ($12.00), his "damages" on his overtime claim would be $63,684 ($12.00 x 5,307 hours).

---

[5]  When the claim of an individual named plaintiff in a class action satisfies the amount in controversy requirement, a court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of other class members, even if such other claims do not meet the amount in controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546 (2005); *See also Valdez v. Neil Jones Food Co.*, No. 13-519, 2013 U.S. Dist. LEXIS 119651, *6-7 (E.D. Cal. Aug. 22, 2013). Therefore, Eletto need only demonstrate that the claims of one of the four Plaintiffs – here Fuentes – exceed the jurisdictional threshold.

### 2.    Fuentes's M&R-break claim places $7,720 in controversy.

Fuentes asserts a claim for failure to provide meal and rest periods pursuant to Labor Code §§ 226.7 and 512. Section § 226.7 provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." In the Amended Complaint, Plaintiffs seek "to recover such amounts pursuant to California Labor Code 226.7(b)." Amend. Compl. ¶ 59. Under § 226.7(b), employers must pay employees one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided. The statute of limitations on this claim is four years because Fuentes's allegations under the Unfair Competition Law authorize recovery or restitution of unpaid wages for a four-year period.  Cal. Civ. Pro. Code § 338; Cal. Bus. & Prof. Code § 17208. As such, Fuentes could conceivably recover one hour of additional pay for at least 965 days (193 weeks x 5 days per week = 965 days). Therefore, his potential damages, if he were to prevail on his meal and rest break claim and calculated based on the California minimum wage, would be approximately $7,720 (965 days x $8.00 = $7,720).

### 3.    Fuentes's wage-statement claim places $4,000 in controversy.

Fuentes asserts a claim for failure to furnish accurate wage statements pursuant to Labor Code § 226, which requires California employers to provide wage statements to employees containing certain items identified in the statute. *See* Cal. Lab. Code § 226(a). The statute of limitations on this claim is four years because Fuentes's allegations under the Unfair Competition Law authorize recovery or restitution of unpaid wages for a four-year period.  Cal. Civ. Pro. Code § 338; Cal. Bus. & Prof. Code § 17208. Fuentes claims that as a result of Eletto's violation of § 226 he is entitled to "all available statutory penalties, cost and reasonable attorney's fees, including those provided in California Labor Code 226(e)." Amend. Compl. ¶ 62. Under § 226(e), employees suffering injury resulting from a knowing and intentional failure to comply with § 226(a) are entitled to $50 for the initial violation and $100 for each subsequent violation

not to exceed $4,000. Given that Fuentes began work on March 4, 2010, he would be entitled to the maximum $4,000 under § 226(e) if he were to prevail on his wage statement claim, since the Amended Complaint alleges that every wage statement was defective. Amend. Compl. ¶ 61. Therefore, the amount in controversy for Fuentes' wage statement claims is $4,000.

### 4.      Fuentes's PAGA claim places $12,862 in controversy

Fuentes asserts a claim under the Private Attorney Generals Act of 2004, codified at Labor Code § 2698 *et seq.* ("PAGA"). Amend. Compl. ¶ 84. Fuentes claims to be an "aggrieved employee" entitled to "penalties . . . because of Defendants' violations of numerous provisions of the California Labor Code." Amend. Compl. ¶ 89. PAGA carries a one-year statute of limitations.  Cal. Civ. Pro. Code § 340(a).  Thus, Fuentes could potentially recover the penalties as explained below, *assuming* that that he were to prevail on his PAGA claim.

**Labor Code § 216.** Fuentes asserts a violation of Labor Code § 216. Amend. Compl. ¶ 46. Section 225.5 provides the penalty for violation of § 216 as follows: "(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Assuming that Fuentes could prove a violation of § 216 for each pay period, and assuming 24 pay periods during the statute of limitations (the minimum allowable under § 226), Fuentes seeks, at minimum, $4,700 in penalties for violation of § 216 ((1 x 100) + (23 x 200) = $4,700).

**Labor Code § 1194.** Fuentes asserts a violation of Labor Code § 1194. Amend. Compl. ¶ 52. Section 1194 does not specifically provide a penalty, so PAGA's default provision applies: $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f). Assuming that Fuentes could prove a violation of § 1194 for each pay period, and assuming 24 pay periods during the statute of limitations (the

minimum allowable under § 226), Fuentes seeks, at minimum, $4,700 in penalties for violation of § 1194 ((1 x 100) + (23 x 200) = $4,700).

**Labor Code § 510.** Fuentes asserts a violation of Labor Code § 510. Amend. Compl. ¶ 55. Section 510 does not specifically provide a penalty, so PAGA's default provision applies: $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f). Assuming that Fuentes could prove a violation of § 510 for each pay period, and assuming 24 pay periods during the statute of limitations (the minimum allowable under § 226), Fuentes seeks, at a minimum, $4,700 in penalties for violation of § 510 ((1 x 100) + (23 x 200) = $4,700).

**Labor Code § 226.7.** Fuentes asserts a violation of Labor Code § 226.7. Amend. Compl. ¶ 58. Section 226.7 does not specifically provide a penalty, so PAGA's default provision applies: $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f). Assuming that Fuentes could prove a violation of § 226.7 for each pay period, and assuming 24 pay periods during the statute of limitations (the minimum allowable under § 226), Fuentes seeks, at a minimum, $4,700 in penalties for violation of § 226.7 ((1 x 100) + (23 x 200) = $4,700).

In the same count, Fuentes also asserts a violation of Labor Code § 512. Amend. Compl. ¶ 58. Because § 512 does not specifically provide a penalty, PAGA's default provision applies: $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f). Assuming that Fuentes could prove a violation of § 512 for each pay period, and assuming 24 pay periods during the statute of limitations (the minimum allowable under § 226), Fuentes seeks, at minimum, $4,700 in PAGA penalties for violation of § 512 ((1 x 100) + (23 x 200) = $4,700).

**Labor Code § 226.** Fuentes asserts a violation of Labor Code § 226. Amend. Compl. ¶ 61. Pursuant to § 226.3, which provides penalties for violation of § 226,

Fuentes seeks penalties of $250 for the first violation and $1,000 for each subsequent violation. Cal. Lab. Code § 226.3. Assuming that Fuentes could prove a violation of § 226 for each pay period, and assuming 24 pay periods during the statute of limitations (the minimum allowable under § 226), Fuentes seeks, at minimum, $23,250 in PAGA penalties for violation of § 226 ((1 x $250) + (23 x $1,000) = $23,250).

**Labor Code § 2802.** Fuentes asserts a violation of Labor Code § 2802. Amend. Compl. ¶ 68. Section 2802 does not specifically provide a penalty, so PAGA's default provision applies: $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f). Assuming that Fuentes could prove a violation of § 2802 for each pay period, and assuming 24 pay periods during the statute of limitations (the minimum allowable under § 226), Fuentes seeks, at minimum, $4,700 in penalties for violation of § 2802 ((1 x 100) + (23 x 200) = $4,700).

All told, PAGA-related penalties for Fuentes would be approximately $51,450 if he were to prevail on his PAGA claim.  Seventy-five percent of PAGA penalties inure to the state.  Cal. Lab. Code § 2699(i).  Therefore, Fuentes's PAGA claim places approximately $12,862 in controversy (25% of $51,450).

### 5.    Total Amount in Controversy

All told, the total amount in controversy for the claims listed above exceeds the $75,000 jurisdictional threshold ($63,684 for overtime, $7,720 for meal and rest breaks, $4,000 for wage statements, $12,862 for PAGA).  This calculation does not include potential damages for Fuentes's claims for failure to pay compensation for all hours worked (count one), minimum wage (count two), waiting time penalties (count six), indemnification (count seven), and common law conversion (count eight), further bolstering the fact that the claims exceed the amount in controversy for diversity jurisdiction.

Finally, Fuentes claims that he is entitled to an award of his attorneys' fees under the Labor Code. Amend. Compl. ¶¶ 49, 53, 56, 59, 62, 70, 90. Because there are statutes authorizing an award of attorneys' fees in connection with such claims, Fuentes's antic-

ipated attorneys' fees are to be included in calculating the amount in controversy for purposes of determining the jurisdictional amount. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Circ. 1998). In *Ulin v. ALEA-72 Inc.*, No. 09-3160-EDL, 2011 WL 4974282 (N.D. Cal. Oct. 19, 2011) *aff'd sub nom. Ulin v. Lovell's Antique Gallery*, 528 F. App'x 748 (9th Cir. 2013), the court awarded $81,526.77 in attorneys' fees to a single plaintiff alleging similar violations of the Labor Code. Fuentes and his counsel are expected to seek attorneys' fees if they prevail on his claims, leaving little doubt that the $75,000 jurisdictional threshold has been established.

### C.    Macy's consents to removal of this action.

Pursuant to § 1446, "[w]hen a civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Eletto has obtained the consent of Macy's to remove this action. *See* 27 January 2014 Letter from Christina D. Hernandez, counsel for Macy's, consenting to removal in this matter, a copy of which is attached as *Exhibit D*.

### III.   This case is removable under 28 U.S.C. § 1453(b) because it qualifies as a "class action" that meets the requirements of 28 U.S.C. § 1332 (d)(2).

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and members of the putative class and Eletto are citizens of different states. *See* 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446.

### A.    The putative class includes at least 100 members.

Plaintiffs purport to bring this action "Individually and on Behalf of All Similarly Situated Individuals." Amend. Compl. ¶ 1. Plaintiffs define the putative class as follows: "All individuals employed by, or formerly employed by, Defendants as Drivers at Macy's Logistic and Operations Center located in the City of Industry in the State of California at any time from November 19, 2009 and continuing while this action is pending [and] All individuals employed by, or formerly employed by, Defendants as Driver Assistants or referred to as "Helpers" at Macy's Logistic and Operations Center located in the City of Industry in the State of California at any time from November 19, 2009 and continuing while this action is pending." *Id.* ¶ 28.

This proposed class contains a minimum of 147 "Drivers" and "Helpers," according to records of owner-operators who have served the City of Industry location since November 19, 2009, combined with "Drivers" and "Helpers" who currently work for owner-operators serving the City of Industry location.  Vaughan Decl. ¶ 7. Thus, the putative class easily exceeds the 100-member requirement imposed by CAFA. Plaintiffs agree, alleging in their Amended Complaint that the proposed class is "conservatively estimated to include over 100 Drivers and Helpers." Amend. Compl. ¶ 36.

### B.    The amount in controversy exceeds $5,000,000.

As noted above, Plaintiffs assert ten claims.  *See*, *supra*, at 5.  While Eletto denies all of the material allegations in the Amended Complaint, the amount placed in controversy by virtue of Plaintiffs' class-based claims exceeds $5,000,000.

### 1.    The class's overtime claim places $2,615,910 in controversy.

Plaintiffs assert a claim on behalf of all proposed class members for failure to pay overtime compensation in violation of Labor Code §§ 510 and 1194. The statute of limitations on this claim is four years because Plaintiffs' allegations under the Unfair Competition Law authorize recovery or restitution of unpaid wages for a four-year limita-

tions period. Cal. Civ. Pro. Code § 338; Cal. Bus. & Prof. Code § 17208. Thus, Putative Class Members could theoretically recover unpaid overtime for the period of November 19, 2009 to November 19, 2013, the date the original Complaint was filed. The Amended Complaint alleges that "Drivers and Helpers . . . typically worked 12 to 15 hours per day," Amend. Compl. ¶ 21, which averages out to 13.5 hours a day. "Drivers" and "Helpers" at the City of Industry location typically work five days a week. Vaughan Decl. ¶ 8. Thus, allegedly, all "Drivers" and "Helpers" worked 67.5 hours per week on average, of which 27.5 hours would be "uncompensated overtime." The proposed class worked a total of 7,927 weeks during the four-year statute of limitations period. Vaughan Decl. ¶ 9. 27.5 hours times 7,927 weeks yields a total of 217,992 hours of uncompensated overtime. Assuming that each putative class member was entitled to the minimum wage plus 50% for each of those hours ($12.00), the total "damages" for the entire class for this overtime claim would be $2,615,910 ($12.00 x 217,992 hours).

### 2. The class's M&R-break claim places $317,080 in controversy.

Plaintiffs assert a claim on behalf of all proposed class members for failure to provide meal and rest periods pursuant to Labor Code §§ 226.7 and 512. Section § 226.7 provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." In the Amended Complaint, Plaintiffs seek "to recover such amounts pursuant to California Labor Code 226.7(b)." Amend. Compl. ¶ 59. Under § 226.7(b), employers must pay employees one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided. The statute of limitations on this claim is four years because Plaintiffs' allegations under the California Unfair Competition Law authorize recovery or restitution of unpaid wages for a four-year limitations period. Cal. Civ. Pro. Code § 338; Cal. Bus. & Prof. Code § 17208. The proposed class worked a total of 7,927 weeks during the four-year statute of limitations period. Vaughan Decl. ¶ 9. "Drivers" and "Helpers" at the City of Industry location typically work five days a week. Vaughan Decl. ¶ 8. Therefore, the putative class worked a

total of 39,635 days during the statute of limitations period (7,927 weeks x 5 days per week = 39,635 days). This means that the potential damages for the entire class, if the class were to prevail on the claim, and calculated based on the California minimum wage, would be approximately $317,080 (39,635 days x $8.00 = $321,200).

### 3. The class's wage-statement claim places $269,400 in controversy.

Plaintiffs asserts a claim for failure to furnish accurate wage statements pursuant to Labor Code § 226, which requires California employers to provide wage statements to employees containing certain items identified in the statute. *See* Cal. Labor Code § 226(a). The statute of limitations on this claim is four years because Fuentes' allegations under the California Unfair Competition Law authorize recovery or restitution of unpaid wages for a four-year limitations period.  Cal. Civ. Pro. Code § 338; Cal. Bus. & Prof. Code § 17208.  Plaintiffs claim that as a result of Eletto's violation of § 226 he is entitled to "all available statutory penalties, cost and reasonable attorney's fees, including those provided in California Labor Code 226(e)." Amend. Compl. ¶ 62. Under § 226(e), employees suffering injury resulting from a knowing and intentional failure to comply with § 226(a) are entitled to $50 for the initial violation and $100 for each subsequent violation not to exceed $4,000.

Thirty-one putative class members worked for at least 20 months during the four-year statute of limitations. Vaughan Decl. ¶ 9. These 31 putative class members would be entitled to the entire $4,000 (assuming wage statements were issued twice per month, the minimum allowable under § 226). Therefore, these 31 putative class members could potentially recover wage statement damages of $124,000 ($4,000 x 31 = $124,000).

The remaining 116 proposed class members (that is, those who worked less than 20 months) worked a total of 3,289 weeks.  Vaughan Decl. ¶ 9. This equals about 756 months. Assuming two wage statements per month, the remaining 116 class members would be able to recover for 1,512 total defective wage statements. Therefore, those class members could potentially recover wage statement damages of $145,400 ((116 x $50) + (1,396 x $100) = $43,950).

### 4.    The class's indemnity claim places $1,625,120 in controversy.

Plaintiffs asserts a claim for failure to indemnify employees for expenses pursuant to Labor Code § 2802, which requires California employers to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

For owner-operators serving the City of Industry location, the total deductions taken from the owner-operators' settlement checks for various expenses during the class period is approximately $1,625,120. Vaughan Decl. ¶ 11.

### 5.    The class's PAGA claim places $610,968 in controversy

Section 2(a)(ii)(D), *supra*, provides a detailed analysis of potential PAGA penalties individually for Fuentes. That analysis demonstrated that Fuentes could potentially recover $51,450 in penalties if he were to prevail on his PAGA claims.  Those PAGA penalties are based on Fuentes working for the entire PAGA statute of limitations period, 12 months in all.

The proposed class worked a total of 2,479 weeks during the one-year statute of limitations period, which works out to approximately 570 months. Vaughan Decl. ¶ 10. If Fuentes stands to recover $51,450 in PAGA penalties for 12 months, the class stands to recover $2,443,875 for 570 months ((570 ÷ 12) x $51,450 = $2,443,875).

Seventy-five percent of PAGA penalties inure to the state.  Cal. Lab. Code § 2699(i).  Therefore, Fuentes' PAGA claim places approximately $610,968 in controversy (25% of $2,443,875).

### 6.    Total Amount in Controversy

All told, the total amount in controversy for the claims listed above exceeds the $5,000,000 jurisdictional threshold ($2,615,910 for overtime, $317,080 for meal and rest breaks, $269,400 for wage statements, $1,625,120 for indemnity claims, $610,968 for PAGA equals $5,438,478).  This calculation does not include potential damages for

Plaintiffs' claims for failure to pay compensation for all hours worked (count one), minimum wage (count two), waiting time penalties (count six), and common law conversion (count eight), further bolstering the fact that the claims exceed the amount in controversy for CAFA jurisdiction.

Finally, Plaintiffs claim they are entitled to an award of his attorneys' fees under the Labor Code. Amend. Compl. ¶¶ 49, 53, 56, 59, 62, 70, 90. In class action cases in California, Plaintiffs have sought, and courts have awarded, attorney fees of around 25% of the overall recovery. *See¸ e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Circ. 2002) (28%); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (25%). As indicated above, Plaintiffs' anticipated attorney fees are to be included in calculating the amount in controversy for purposes of determining the jurisdictional amount because there are statutes authorizing an award of attorney fees in connection with these causes of action. It is anticipated that Plaintiffs' attorneys will seek around 25% of any amounts they recover as awarded attorney fees, leaving little doubt that the $5,000,000 jurisdictional threshold has been established.

In light of the foregoing, the putative class's claims easily exceed the $5,000,000 amount-in-controversy threshold for purposes of CAFA jurisdiction.

### C.     Plaintiffs and Eletto are citizens of different states.

As shown above, all four named Plaintiffs are citizens of California, Eletto is a citizen of New York, and Macy's is a citizen Ohio. *See*, *supra*, at 2-4. The parties are diverse.

## IV.     Removal is timely.

Generally speaking, a defendant must file its notice of removal within 30 days of being served with the initial pleading. *See* 28 U.S.C. § 1446(b). However, the Ninth Circuit has held that, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective

knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 694 (9th Cir. 2005).

Here, the 30-day removal period has not commenced because the Complaint and Amended Complaint did not expressly allege an amount-in-controversy or citizenship of the Plaintiffs, and Defendants have not received a post-complaint pleading or other paper that reveals a basis for removal. However, even assuming the 30-day removal period was triggered by service of the Amended Complaint (the first pleading Eletto received), the deadline to file the Notice of Removal is February 3, 2014, because Eletto was first served with the Amended Complaint on January 2, 2014. Removal is timely.

## V.    Eletto will give notice to adverse parties and the state court.

Pursuant to 28 U.S.C. § 1446(d), Eletto is required to and will give written notice of the removal to Plaintiffs and to the Clerk of the Superior Court of the State of California for the County of Los Angeles. Specifically, promptly after filing this Notice of Removal, Eletto shall send a Notice of Removal to Adverse Parties and State Court Clerk, a copy of which is attached as *Exhibit E.*

## VI.    Eletto reserves its rights.

By filing this Notice of Removal, Eletto does not waive any defenses. WHEREFORE, Defendant respectfully removes this case to this Court.

Dated: January 31, 2014                    Respectfully submitted,

                                           _____
                                           Christopher C. McNatt, Jr.
                                           Attorney for Defendant
                                           Joseph Eletto Transfer, Inc.

4848-8134-6840, v. 6

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

      On January 31, 2014, I served the foregoing document described as **NOTICE OF REMOVAL** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

                Mr. Thomas W. Falvey
                Law Offices of Thomas W. Falvey
                301 North Lake Avenue, Suite 800
                Pasadena, California 91101

√    **(BY MAIL)**  I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on January 31, 2014, at Pasadena, California.

                        _____
                        Michelle Lazo

4836-6854-5560, v.  1

**SUMMONS** ON FIRST AMENDED
*(CITACION JUDICIAL)*   COMPLAINT

SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):* MACY'S WEST STORES, INC., an Ohio
corporation; JOSEPH ELETTO
TRANSFER, INC., a New York corporation, and DOES 1
through 15, inclusive,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 18 2013

YOU ARE BEING SUED BY PLAINTIFF: VICTOR FUENTES, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, JOSE
AVILA, an individual; MARIO NAVARRO, an individual;
GEORGE GARCIA, JR., an individual; Individually and
on Behalf of All Similarly Situated Individuals

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>111 North Hill Street<br>Same as Above<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* BC 528221 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas W. Falvey, SBN 65744   626-795-0205   626-795-3096
LAW OFFICES OF THOMAS W. FALVEY
301 N. Lake Avenue, Suite 800
Pasadena, CA 91101

DATE:                                        Clerk, by _____ Caesar Rios _____ , Deputy
*(Fecha)*                                    *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Joseph Eletto Transfer, Inc.

under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other (specify):

4. ☑ by personal delivery on (date): 12-14

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**



Page 1 of 1
CCP §§ 412.20, 415.10

**Exhibit A**
**Page 1 of 78**
17

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas W. Falvey, SBN 65744<br>Michael H. Boyamian, SBN 256107<br>LAW OFFICES OF THOMAS W. FALVEY<br>301 North Lake Avenue, Suite 800<br>Pasadena, CA 91101<br>TELEPHONE NO.: 626-795-0205   FAX NO.: 626-795-3096 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 19 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Victor Fuentes, an individual, et al. v.
Macy's West Stores, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | BC 528221 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): NINE (9)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 19, 2013

MICHAEL H. BOYAMIAN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   Legal   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

**Exhibit A**
**Page 2 of 78**
**18**

| SHORT TITLE: Fuentes, et al. v. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** *Check the types of hearing and fill in the estimated length of hearing expected for this case:*

JURY TRIAL? [X] YES CLASS ACTION? [X] YES. LIMITED CASE? [ ] YES. TIME ESTIMATED FOR TRIAL 15 [ ] HOURS/ [X] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps -- if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check *one* Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 1 of 4

**Exhibit A<br>Page 3 of 78<br>19**

| SHORT TITLE: Fuentes, et al. v. Macy's West Stores, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case | 1., 2., 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5 |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

**Exhibit A
Page 4 of 78
20**

| Eugenia Fuentes, et al. v. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:  Class actions must be filed in Stanley Mosk Courhouse, Central District.  This is a class action |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 11/19/2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Michael H. Boyamian

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. *Original Complaint or Petition.*
2. *If filing a Complaint, a completed Summons form for issuance by the Clerk.*
3. *Civil Case Cover Sheet, Judicial Council form CM-010.*
4. *Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).*
5. *Payment in full of the filing fee, unless fees have been waived.*
6. *A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.*
7. *Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.*

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LAW OFFICES OF THOMAS W. FALVEY
THOMAS W. FALVEY, SBN 65744
J.D. HENDERSON, SBN 235767
MICHAEL H. BOYAMIAN, SBN 256107
301 North Lake Avenue, Suite 800
Pasadena, California 91101
Telephone:   (626) 795-0205
Facsimile:   (626) 795-3096

THE LAW OFFICES OF JOSEPH M. LOVRETOVICH
JOSEPH M. LOVRETOVICH, SBN 73403
CHRISTOPHER TAYLOR, SBN 236245
21052 Oxnard Street
Woodland Hills, California 91367
Telephone:   (818) 610-8800
Facsimile:   (818) 610-3030

Attorneys for Plaintiffs VICTOR FUENTES, JOSE AVILA,
MARIO NAVARRO, and GEORGE GARCIA, JR.,
individually and on Behalf of All Similarly Situated Individuals

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

VICTOR FUENTES, an individual; JOSE
AVILA, an individual; MARIO
NAVARRO, an individual; GEORGE
GARCIA, JR., an individual; Individually
and on Behalf of All Similarly Situated
Individuals,

              Plaintiffs,

vs.

MACY'S WEST STORES, INC., an Ohio
corporation; JOSEPH ELETTO
TRANSFER, INC., a New York
corporation, and DOES 1 through 25,
Inclusive,

              Defendants.

CASE NO. BC528221

[CLASS ACTION]

FIRST AMENDED COMPLAINT FOR:

1. UNPAID WAGES (LABOR CODE §§ 216
and 1194)
2. FAILURE TO PAY MINIMUM WAGE
(LABOR CODE § 1194)
3. FAILURE TO PAY OVERTIME
COMPENSATION (LABOR CODE §§ 510 and
1194)
4. FAILURE TO PROVIDE MEAL AND
REST PERIODS (LABOR CODE §§ 512 and
226.7);
5. FAILURE TO FURNISH ACCURATE
WAGE AND HOUR STATEMENTS (LABOR
CODE § 226);
6. WAITING TIME PENALTIES (LABOR
CODE §§ 201-203);
7. INDEMNIFICATION (LABOR
CODE §§ 2800 and 2802);
8. CONVERSION (LABOR CODE §§ 3336 and
3294); and
9. UNFAIR COMPETITION (LABOR CODE
§§ 17200 *et seq.*)
10. PRIVATE ATTORNEYS GENERAL ACT
(LABOR CODE §§ 2698 *et seq.*)

JURY TRIAL DEMANDED

Plaintiffs Victor Fuentes, Jose Avila, Mario Navarro, and George Garcia, Jr. ("Plaintiffs"), individually and on behalf of all similarly situated individuals, allege as follows:

## GENERAL ALLEGATIONS

1.     This is a proposed class action brought against Defendants MACY'S WEST STORES, INC., JOSEPH ELETTO TRANSFER, INC., and DOES 1-25, inclusive (collectively, "Defendants"), on behalf of Plaintiffs and all other individuals who worked in California as a Driver and/or Helper for Defendants at any time during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), who were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to California employees.

2.     During the Class Period, Defendants:

a.     failed to pay wages for all hours worked by Drivers and Helpers;

b.     failed to pay Drivers and Helpers the legal minimum wage of $8.00/hour;

c.     failed to pay overtime wages due to Drivers and Helpers;

d.     failed to provide meal and rest periods due to Drivers and Helpers;

e.     failed to provide the Drivers and Helpers with timely and accurate wage and hour statements;

f.     failed to pay the Drivers and Helpers compensation in a timely manner upon their termination or resignation;

g.     failed to maintain complete and accurate payroll records for the Drivers and Helpers;

h.     wrongfully withheld wages and compensation due to the Drivers and Helpers; and

i.     committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Drivers and Helpers and the public.

3.     The foregoing acts and other acts by Defendants - committed throughout California and Los Angeles County - violated provisions of the California Labor Code, including sections 201, 202, 203, 226, 226.7, 510, 512, 515, 551, 552, 1194, 1198, 2698, and 2699

2

FIRST AMENDED COMPLAINT

**Exhibit A
Page 7 of 78
23**

1   (collectively, "Employment Laws"), violated the applicable Wage Orders issued by California's

2   Industrial Welfare Commission, including Wage Orders 5-2001 during the Class Period

3   ("Regulations"), violated California's Unfair Business Practices Act, California Business &

4   Professions Code sections 17200 et seq., and violated Plaintiffs' rights.

## JURISDICTION AND VENUE

6       4.      Venue is proper in this Judicial District and the County of Los Angeles because

7   work was performed by Plaintiffs and other members of the Class for Defendants in the County

8   of Los Angeles, California, and Defendants' obligations under the Employment Laws and

9   Regulations to pay overtime wages, to provide meal and rest periods and accurate wage

10  statements to Plaintiffs and other members of the Class arose and were breached in the County of

11  Los Angeles.

12      5.      The California Superior Court has jurisdiction in this matter because Plaintiffs are

13  all residents of California, and Defendants are corporations qualified to do business in California

14  and regularly conduct business in California. Further, no federal question is at issue as the

15  claims are based solely on California law.

## THE PARTIES

17      6.      Plaintiff Victor Fuentes is, and at all relevant times was, a competent adult

18  residing in California. Mr. Fuentes brings suit on behalf of himself and all similarly situated

19  individuals pursuant to California Code of Civil Procedure section 382, and California Business

20  & Professions Code sections 17200, et seq. Mr. Fuentes is unlawfully classified by Defendants

21  as an independent contractor and currently works as a Driver out of Macy's Logistics and

22  Operations Center located in the City of Industry, California.

23      7.      Plaintiff Jose Avila is, and at all relevant times was, a competent adult residing in

24  California. Mr. Avila brings suit on behalf of himself and all similarly situated individuals

25  pursuant to California Code of Civil Procedure section 382, and California Business &

26  Professions Code sections 17200, et seq. Mr. Avila is unlawfully classified by Defendants as an

27  independent contractor and currently works as a Driver out of Macy's Logistics and Operations

28  Center located in the City of Industry, California.

---

3

## FIRST AMENDED COMPLAINT

**Exhibit A
Page 8 of 78**
24

8.     Plaintiff Mario Navarro is, and at all relevant times was, a competent adult residing in California.  Mr. Navarro brings suit on behalf of himself and all similarly situated individuals pursuant to California Code of Civil Procedure section 382, and California Business & Professions Code sections 17200, *et seq*.  Mr. Navarro was unlawfully classified by Defendants as an independent contractor and worked as a Driver out of Macy's Logistics and Operations Center located in the City of Industry, California.

9.     Plaintiff George Garcia, Jr. is, and at all relevant times was, a competent adult residing in California.  Mr. Garcia brings suit on behalf of himself and all similarly situated individuals pursuant to California Code of Civil Procedure section 382, and California Business & Professions Code sections 17200, *et seq*.  Mr. Garcia was unlawfully classified by Defendants as an independent contractor and worked as a Driver Assistant or commonly referred to by Defendants as a "Helper" out of Macy's Logistics and Operations Center located in the City of Industry, California.

10.     Defendant Macy's West Stores, Inc. is, and at all relevant times was, an Ohio corporation registered with the State of California's Secretary of State.  Macy's is one of the nation's premier chain of department stores and is a retailer of a variety of private and in-store brands.  Macy's conducts business throughout the State of California, including in Los Angeles County.

11.     Defendant Joseph Eletto Transfer, Inc. is, and at all relevant times was, a New York corporation registered with the State of California's Secretary of State.  Eletto is a carrier for department stores providing logistics management.  Defendants have engaged in unlawful employment practices addressed in this Complaint throughout California and in Los Angeles County.

12.     Defendants Macy's and Eletto, are, and at all relevant times were, corporations conducting business in the State of California, including the County of Los Angeles.  Plaintiffs are informed and believe, and based upon such information and belief, allege that Macy's exercised control over the operations of Eletto from its resources, preparation, and management, to Eletto utilizing Macy's criteria and standards for hiring personnel and performing deliveries.

4

FIRST AMENDED COMPLAINT

13.    The degree of control exercised by Macy's over Eletto is enough to reasonably deem Eletto an agent of Macy's under traditional agency principles.  Eletto can legitimately be described as only a means through which Macy's acts and conducts its global business. Defendants Eletto and Macy's have such a unity of interest and ownership that the separate personalities do not in reality exist and that the corporate structure is just a shield for the alter ego of each other.  Plaintiffs therefore are informed and believe and thereupon allege Eletto, Macy's, and each of them, were their employer under California law, that Defendants herein did acts consistent with the existence of an employer-employee relationship with Plaintiffs - despite their unlawful classification of Plaintiffs as independent contractors - and that Eletto was owned, controlled, directly or indirectly, by Macy's.

14.    Plaintiffs are informed and believe and based thereon allege that Defendants uniformly apply their pay practices, and overtime policies to all Drivers and Driver Assistants.

15.    Plaintiffs are currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

16.    Plaintiffs are informed and believe and based thereon allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 25, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

17.    Plaintiffs are informed and believe and based thereon allege that DOES 1 through 25, inclusive were the agents, servants and/or employees of Defendants and, in doing the things hereinafter alleged and at all times, were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of Defendants.

18.    Plaintiffs are informed and believe and based thereon allege that Defendants ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged herein.

///

5

FIRST AMENDED COMPLAINT

**Exhibit A**
**Page 10 of 78**
**26**

## FACTS COMMON TO ALL CAUSES OF ACTION

19.     Defendants unlawfully classified Plaintiffs as independent contractors when, in fact, they were heavily regulated through a series of work-related restrictions and directives. Macy's directs Eletto to secure truck owners to have them contract with Macy's for purposes of delivering Macy's products to its customers.  These truck owners arrive at Macy's Logistics and Operations Center and go through a hiring process with Macy's employees who office at the same site.  Truck owners are hired by Macy's and are required to have a Macy's banner put on the truck.  Truck owners then bring on Drivers and Driver Assistant or commonly referred to by Defendants as "Helpers", like Plaintiffs, who are also evaluated by Macy's employees for hiring purposes.

20.     After Defendants hired Plaintiffs, Macy's instructed Plaintiffs to follow a series of directives related to the delivery of Macy's products.  These directives include, but are not limited to, the following:

          a.     the truck must bear a Macy's logo and cannot be used for any others purposes while having the Macy's banner;

          b.     the truck must be left at the site at the end of the work day;

          c.     the delivery schedules are set and controlled by Macy's and cannot be varied by Drivers or Driver's Assistants, like Plaintiffs;

          d.     Plaintiffs were required to purchase at their own cost and wear Macy's distinct uniforms;

          e.     Drivers and Helpers, like Plaintiffs, were required to carry personalized Macy's business cards that they give out to customers carrying the Macy's logo ;

          f.     Plaintiffs were also required to announce themselves to Macy's customers as "Macy's delivery" and "from Macy's";

          g.     Plaintiffs were required to provide felt and plastic  at their own cost and expense in connection with delivering Macy's products;

          h.     each morning Plaintiffs and other similarly situated Drivers and Helpers were required to go through a process of "role-playing" where Macy's employees evaluate

6

FIRST AMENDED COMPLAINT

**Exhibit A**
**Page 11 of 78**
**27**

1  whether the Driver or Helper, like Plaintiffs, met Macy's standards and expectations of delivery

2  and customer service;

3       i.    on each delivery - and as part of their "role-playing" exercise -

4  Plaintiffs were instructed to use a red carpet provided by Macy's in delivering Macy's products

5  and if that red carpet was lost or destroyed, then the Driver and/or Helper must purchase a red

6  carpet for $200;

7       j.    if a customer has furniture and offers it to a Driver or Helper, Macy's

8  considers the donation as Macy's property and it must be delivered and left at the site or

9  warehouse;

10       k.    Drivers and Helpers must offer to vacuum the floor when they remove

11  furniture;

12       l.    if Drivers and Helpers are requested to remove mattress, they must do it

13  even if it is covered in bedbugs, feces, or blood;

14       m.    if any of the furniture is damaged, even if the damage comes from the

15  store, the Driver must pay for it and/or receives a negative evaluation - the negative evaluation is

16  in turn assessed by Macy's employees and is used as a basis to dock pay;

17       n.    Drivers and Helpers, including Plaintiffs, were required to leave customers

18  with a performance checklist with "Macy's" printed on it, and customers are encouraged to

19  provide feedback directly to Macy's to rate the performance of the Driver or Helper;

20       o.    Plaintiffs were required to obtain worker's compensation insurance and

21  umbrella insurance at their own expense and must purchase the umbrella insurance from Macy's.

22      21.    Plaintiffs, including the putative class of Drivers and Helpers they seek to

23  represent, were all compensated on a flat-rate - $120/day for Drivers and $100/day for Helpers -

24  regardless of how many hours were actually worked.  Plaintiffs received their compensation by

25  personal check issued by the truck owners, and not from Defendants.  This "flat rate" also

26  constitutes an unlawful piece-rate compensation system because Drivers and Helpers had no

27  control over how many hours they worked and could do nothing to change the amount of pay

28  through their own efficiencies.  This unlawful compensation scheme did not account for all the

7

FIRST AMENDED COMPLAINT

1  work performed by Drivers or Helpers, like Plaintiffs, who typically worked 12 to 15 hours a day
2  and performed various non-driving tasks all under the control and direction of Defendants. This
3  compensation scheme is illegal and is in violation of the Employment Laws and Regulations.

4       22.    During the time Plaintiffs were employed by Defendants and as part of the four
5  years preceding the filing of this action, Defendants failed to provide Plaintiffs and similarly
6  situated Drivers and Helpers with rest periods during work shifts over four hours. Defendants
7  also routinely failed to provide Plaintiffs and similarly-situated employees a 30-minute meal
8  period in which they were relieved of all duties when they worked over five hours. These
9  practices are in violation of the Employment Laws and Regulations.

10       23.    During Plaintiffs' employment with Defendants. Plaintiffs and Drivers and
11  Helpers were regularly required to work more than eight hours per day and more than forty hours
12  per workweek. Defendants regularly did not compensate Plaintiffs and Drivers and Helpers for
13  the overtime hours they worked, in violation of the Employment Laws and Regulations.

14       24.    During Plaintiffs' employment with Defendants, Macy's and Eletto failed to
15  provide Plaintiffs with timely and accurate wage and hour statements showing gross hours
16  earned, total hours worked, all deductions made, net wages earned, accrued vacation, and all
17  applicable hourly rates in effect during each pay period, as well as the corresponding number of
18  hours worked at each hourly rate.

19       25.    During Plaintiffs' employment with Defendants, Defendants wrongfully withheld
20  from Plaintiffs and failed to pay their wages and other compensation which was due them for all
21  of their hours worked, for overtime work, for missed meal and rest periods, and as otherwise
22  required pursuant to the Employment Laws and Regulations.

23       26.    Plaintiffs seek restitution and disgorgement of all sums wrongfully obtained by
24  Defendants through unfair business practices in violation of California's Business & Professions
25  Code sections 17200, et seq., to prevent the Defendants from benefitting from their violations of
26  law and/or unfair acts. Such sums recovered under the Unfair Competition Act and Unfair
27  Businesses Act are equitable in nature and are not to be considered damages. Plaintiffs are also
28  entitled to costs, attorney's fees, interest and penalties as provided for by the California Labor

8

FIRST AMENDED COMPLAINT

1   Code, the California Business & Professions Code, and the Private Attorney General Act,

2   California Code of Civil Procedure section 1021.5.

3        27.    To the extent that any Class Member, including Plaintiffs, entered into any

4   arbitration agreement with any Defendant and such agreement purports to require arbitration,

5   such agreement is void and unenforceable.  Any such agreement was one of adhesion, executed

6   under duress, lacked consideration and mutuality, and was otherwise void under both California

7   Labor Code section 229 and the California Supreme Court case of *Armendariz v. Foundation*

8   *Health Psychare Services, Inc.* (2000) 24 Cal.4th 83.

9                          **CLASS ACTION ALLEGATIONS**

10       28..   Plaintiffs bring these claims as a class action pursuant to Code of Civil Procedure

11  § 382 and Business and Professions Code §§ 17203 & 17204.  Plaintiffs bring this action on their

12  own behalf and on behalf of the following class of individuals (the "Class" or "Class Members"):

13           All individuals employed by, or formerly employed by, Defendants as Drivers at
14           Macy's Logistic and Operations Center located in the City of Industry in the State
             of California at any time from November 19, 2009, and continuing while this
15           action is pending.

16           All individuals employed by, or formerly employed by, Defendants as Driver
             Assistants or referred to as "Helpers" at Macy's Logistic and Operations Center
17           located in the City of Industry in the State of California at any time from
             November 19, 2009, and continuing while this action is pending.
18
19       29.    All Drivers or Helpers, including Plaintiffs, are putative class members.

20       30.    During the Class Period, by virtue of unlawfully classifying Plaintiffs and Class

21  Members as independent contractors and compensating Class Members with a "flat rate"

22  Defendants have routinely failed to compensate Drivers and Helpers all of the wages they are due

23  ("off-the-clock" work).

24       31.    During the Class Period, Plaintiffs and Drivers and Helpers were subject to

25  Defendants' unlawful company practice of classifying employees as independent contractors

26  subjecting them to Defendants' unlawful piece rate system.  All who were subject to this

27  unlawful classification and compensation scheme were not paid for all hours worked, including

28  overtime, and were deprived of compliant meal and rest periods, among other things.  Defendants

---

9

FIRST AMENDED COMPLAINT

1  applied this illegal wage device uniformly to all Drivers and Helpers who worked out of Macy's

2  Logistic and Operations Center to the disadvantage of Class Members. All who were subject to

3  this unlawful classification and compensation scheme suffered damages.

4      32.    As a result, during the Class Period, Defendants have failed to provide Drivers

5  and Helpers with accurate wage and hour statements since the daily "flat rate" did not fully

6  compensate Drivers and Helpers for all hours worked.. Defendants have failed to provide

7  Drivers and Helpers with accurate wage and hour statements since the gross hours earned, total

8  hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect

9  during each pay period and the corresponding number of hours worked at each hourly rate were

10  incomplete, inaccurate, and/or missing from all wage statements.

11      33.    During the Class Period, Plaintiffs and Drivers and Helpers have been required to

12  work more than eight hours per day and more than forty hours per workweek. Defendants have

13  routinely failed to compensate Drivers and Helpers all of the overtime wages they are due.

14      34.    During the Class Period, Defendants have failed to pay accrued wages and other

15  compensation due immediately to Drivers and Helpers who were terminated, and Defendants

16  have failed to pay accrued wages and other compensation due within seventy-two hours to

17  Drivers and Helpers who ended their employment.

18      35.    The proposed class is ascertainable in that its members can be identified using

19  information contained in Defendants' payroll and personnel records.

20      36.    Numerosity. The Drivers and Helpers are so numerous, conservatively estimated

21  to include over 100 Drivers and Helpers, that joinder of each individual Class Member would be

22  impracticable, and the disposition of their claims in a class action, rather than numerous

23  individual actions, will benefit the parties, the Court and the interests of justice.

24      37.    Commonality. There is a well-defined community of interest in the questions of

25  law and fact involved in this action, because Defendants' failure to pay Drivers and Helpers their

26  wages or afford them the protections required under the Employment Laws and Regulations

27  affects all Class Members. Common questions of law and fact predominate over questions that

28  affect only individual Driver and Helpers. because all Drivers and Helpers were subject to the

---

10

FIRST AMENDED COMPLAINT

uniform, unlawful pay practices and policies.  The predominate questions of law and fact include, but are not limited to:

  a.  Did Defendants devise a scheme and plan to circumvent California wage and hour laws?;

  b.  Was/is Defendants' conduct fraudulent and deceitful?;

  c.  Did/does Defendants' conduct violate the Employment Laws and Regulations?; by, among other violations.

    (i)  failing to compensate Plaintiff and the Class Members for all hours worked;

    (ii)  failing to compensate Plaintiff and the Class Members at the applicable and legally-mandated minimum hourly rate of $8.00;

    (iii)  failing to provide Plaintiffs and the Class Members with compliant meal and rest periods;

    (iv)  failing to provide Plaintiffs and the Class Members with timely and accurate wage and hour statements;

    (v)  failing to maintain complete and accurate payroll records for Plaintiffs and the Class Members; and

  d.  Do/did Defendants' systematic acts and practices violate, *inter alia*, California Business & Professions Code section 17200, *et seq.*?

  38.  <u>Typicality.</u>  Plaintiffs' claims are typical of those of the other Drivers and Helpers because all Drivers and Helpers share the same or similar employment duties and activities, all are automatically classified as independent contractors, and all have been denied the benefits and protections of the Employment Laws and Regulations in the same manner.  Since Defendants have uniformly applied the same pay practices and policies to each Driver and Helper, Plaintiffs' claims are typical of the claims of all Drivers and Helpers.  Plaintiffs' claims are also typical because they have suffered the same damages as those suffered by all Class Members.

  39.  <u>Adequacy of Representation.</u>  Plaintiffs can fairly and adequately represent and protect the interests of all Drivers and Helpers in that neither Plaintiffs have disabling conflicts of

---

11

FIRST AMENDED COMPLAINT

1  interest which are antagonistic to those of all other Drivers and Helpers.  Plaintiffs seek no relief

2  which is antagonistic or adverse to the other Class Members, and the infringement of their rights

3  and the damages they have suffered are typical of all other Class Members.  Plaintiffs' counsel is

4  competent and experienced in litigating class actions in California based on large employers'

5  violations of the Employment Laws and Regulations.

6      40.    As mentioned above, to the extent that any Driver or Helper entered into any

7  arbitration agreement with any Defendant and such agreement purports to require arbitration,

8  such agreement is void and unenforceable.  Even if such agreement is deemed enforceable,

9  however, classwide arbitration is appropriate and should be utilized to obtain classwide relief.

10     41.    Superiority of Class Action.  The nature of this action and the nature of laws

11  available to Plaintiffs and the other Drivers and Helpers in the putative Class make use of the

12  class action a particularly efficient and effective procedure because:

13     a.    For many of the Drivers and Helpers, individual actions or other individual

14  remedies would be impracticable and litigating individual actions would be too costly;

15     b.    The action involves large corporate employers (Macy's and Eletto) and a large

16  number of individual employees (Plaintiffs and the other Class Members), many with relatively

17  small claims and all with common issues of law and fact;

18     c.    If the Drivers and Helpers are forced to bring individual lawsuits, the corporate

19  defendants would necessarily gain an unfair advantage, the ability to exploit and overwhelm the

20  limited resources of individual Class Members with vastly superior financial and legal resources;

21     d.    The costs of individual suits would likely consume the amounts recovered;

22     e.    Requiring each Class Member to pursue an individual remedy would also

23  discourage the assertion of lawful claims by current employees of Defendants, who would be

24  disinclined to pursue an action against their present and/or former employer due to an appreciable

25  and justified fear of retaliation and permanent damage to their immediate and/or future

26  employment; and

27  ///

28  ///

---

12

FIRST AMENDED COMPLAINT

**Exhibit A**
**Page 17 of 78**
**33**

f.      Common business practices Plaintiffs experienced are representative of those experienced by all Drivers and Helpers and can establish the right of all Drivers and Helpers to recover on the alleged claims.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

42.     Plaintiffs allege that on November 8, 2013, Plaintiff Victor Fuentes and Gene Garcia, Jr. provided written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the facts and theories regarding the violations of the Employment Laws and Regulations. Attached as Exhibit 1 is a true and correct copy of the letter sent to the LWDA, Macys, and Eletto.

43.     More than 33 calendar days have elapsed since Plaintiffs' notice to the LWDA and Defendants. The LWDA has not advised Plaintiffs that it intends to investigate Plaintiffs' claims, nor have Defendants provided notice that the alleged violations have been cured.

44.     Plaintiffs have therefore exhausted all administrative procedures required under Labor Code §§ 2698, 2699 and 2699.3, and as a result, are justified as a matter of right in seeking penalties pursuant to PAGA.

## FIRST CAUSE OF ACTION

**(Failure to Pay Compensation For All Hours Worked - Labor Code §§ 216 and 1194**

**By Plaintiffs Individually and on Behalf of All Drivers and Helpers)**

45.     As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

46.     Plaintiffs bring this action to recover their unpaid compensation for all hours worked as defined by the applicable Industrial Welfare Commission wage order as the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

47.     Drivers and Helpers, including Plaintiffs, were unlawfully classified as independent contractors but were instructed, directed or otherwise controlled by Defendants to

13

FIRST AMENDED COMPLAINT

1  perform their work through a series of Defendants' requirements, expectations, and standards for

2  performance. Defendants knew or should have known that Plaintiffs were working these hours

3  because a) Defendants required employees to "swipe-in" and "swipe-out" on an electronic tablet

4  in completing deliveries, thus Defendants knew the actual hours worked by employees, and b)

5  Plaintiffs were informed that this directive to not report all hours worked came from the highest

6  level of management.

7       48.    Current and former employees who were drivers and driver assistants (or helpers)

8  were unlawfully classified as independent contractors and were a given a flat rate for their work.

9  Despite their unlawful classification they were heavily regulated through a barrage of directives

10  and requirements by Defendants and were under direct control and supervision of Defendants

11  throughout the work day.  Accordingly, current and former employees were not paid for all time

12  worked, including work performed beyond the eight hour of the day which is to be paid at the

13  premium rate.  This is further indicia of "Off the Clock" work and violates the Employment

14  Laws and Regulations.

15       49.    Plaintiffs are entitled to recover the unpaid balance of compensation Defendants

16  owe Plaintiffs, plus interest, associated statutory penalties, and reasonable attorney fees and costs

17  pursuant to Labor Code section 1194.

18                        **SECOND CAUSE OF ACTION**

19              **(Failure to Pay Minimum Wages - Labor Code § 1194**

20              **By Plaintiffs Individually and on Behalf of All Class Members)**

21       50.    As a separate and distinct cause of action, Plaintiffs complain and reallege all of

22  the allegations contained in this complaint, and incorporate them by reference into this cause of

23  action as though fully set forth herein, excepting those allegations which are inconsistent with

24  this cause of action.

25       51.    At all relevant times, the IWC Wage Order 5-2001 applied to Plaintiffs in

26  Plaintiffs' capacity as employees of Defendants.  The Wage Orders and California law provided,

27  among other things, that Plaintiffs must receive minimum wage earnings for all hours worked.

28  ///

---

14

FIRST AMENDED COMPLAINT

52.     During the Class Period, Defendants have routinely failed to pay Drivers and Helpers, including Plaintiffs, the minimum wage required by the Employment Laws and Regulations for all hours worked. Defendants unlawfully classified Drivers and Helpers as independent contractor and compensated Plaintiffs through an unlawful piece rate - a flat rate - for work. Defendants' unlawful scheme of a "flat rate" violates the provisions of Wage Order 5-2001 as it exceeds the maximum allotted amount that can be charged to an employee.

53.     Drivers and Helpers, including Plaintiffs, have been deprived of their rightfully earned minimum wages as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay said wages for all hours worked. Drivers and Helpers, including Plaintiffs, are entitled to recover the past wages owed to them, under the minimum wage laws, plus an additional equal amount as liquidated damages as permitted under the Wage Orders and California law, plus interest thereon and attorneys' fees and costs, pursuant to Labor Code § 1194, in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### (Failure to Pay Overtime Compensation - By Plaintiffs Individually and on Behalf of All Drivers and Helpers: California Labor Code §§ 510 and 1194)

54.     As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

55.     During the Class Period, Defendants have routinely required Drivers and Helpers, including Plaintiffs, to work over eight hours in a day and over forty hours in a workweek. However, Defendants have failed and refused to pay the Drivers and Helpers, including Plaintiffs, the overtime compensation required by the Employment Laws and Regulations.

56.     The Drivers and Helpers, including Plaintiffs, have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay that compensation. Drivers and Helpers, including Plaintiffs, are entitled to recover such amounts, plus interest, attorney's fees and costs.

15

FIRST AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

**(Failure to Provide Meal and Rest Periods - By Plaintiffs Individually and on Behalf of All Drivers and Helpers: California Labor Code §§ 226.7 and 512)**

57.　As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

58.　During the Class Period, Defendants have routinely failed to provide employees in the position of Drivers and Helpers, including Plaintiffs, with meal and rest periods during their work shifts, and have failed to compensate these Drivers and Helpers, including Plaintiffs, for those meal and rest periods, as required by California Labor Code section 226.7 and the other applicable sections of the Employment Laws and Regulations.

59.　Drivers and Helpers, including Plaintiffs, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay that compensation.  These Drivers and Helpers, including Plaintiffs, are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest, attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Failure to Accurate Furnish Wage and Hour Statements - By Plaintiffs Individually and on Behalf of All Drivers and Helpers: California Labor Code § 226)**

60.　As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

61.　During the Class Period, Defendants have routinely failed to provide Drivers and Helpers, including Plaintiffs, with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing the Drivers and Helpers, and all applicable hours rates in effect

16

FIRST AMENDED COMPLAINT

**Exhibit A**
**Page 21 of 78**
**37**

1   during each pay period and the corresponding number of hours worked at each hourly rate.

2       62.     As a consequence of Defendants' actions, Drivers and Helpers are entitled to all

3   available statutory penalties, costs and reasonable attorney's fees, including those provided in

4   California Labor Code section 226(e), as well as all other available remedies.

5                           **SIXTH CAUSE OF ACTION**

6   **(For Waiting Time Penalties - By Plaintiffs Individually and on Behalf of All Drivers and**

7                   **Helpers: California Labor Code §§ 201-203)**

8       63.     As a separate and distinct cause of action, Plaintiffs complain and reallege all the

9   allegations contained in this complaint, and incorporate them by reference into this cause of

10  action as though fully set forth herein, excepting those allegations which are inconsistent with

11  this cause of action.

12      64.     During the Class Period, Defendants failed to pay accrued wages and other

13  compensation due immediately to each Driver and Helper who was terminated and failed to pay

14  accrued wages, including meal and rest period wages and other compensation due within

15  seventy-two hours to each Driver and Helper who ended his or her employment.

16      65.     As a consequence of Defendants' actions, Drivers and Helpers are entitled to all

17  available statutory penalties, including those provided in California Labor Code section 203, as

18  well as all other available remedies.

19                         **SEVENTH CAUSE OF ACTION**

20  **(For Indemnification - By Plaintiffs Individually and on Behalf of All Drivers and Helpers-**

21                       **Labor Code § 2802)**

22      66.     As a separate and distinct cause of action, Plaintiffs complain and reallege all of

23  the allegations contained in this complaint, and incorporate them by reference into this cause of

24  action as though fully set forth herein, excepting those allegations which are inconsistent with

25  this cause of action.

26      67.     Pursuant to Labor Code § 2802(a), an employer shall indemnify its employees for

27  all necessary expenditures or losses incurred by the employees in direct consequence of the

28  discharge of their duties, or of their obedience to the directions of the employer, even though

---

17

FIRST AMENDED COMPLAINT

1  unlawful, unless the employee, at the time of obeying the directions, believed them to be

2  unlawful.

3  68.    During the Class Period, the Class Members, including Plaintiffs, were wrongfully

4  classified as independent contractors and incurred necessary business-related expenses and costs

5  that were not fully reimbursed by Defendants, including and without limitations, Defendants'

6  uniforms, transportation equipment such as plastic, felt, Macy's red carpet.

7  69.    During the Class Period, Defendants failed to reimburse the Class Members,

8  including Plaintiffs, for necessary business-related expenses and costs.

9  70.    The Class Members, including Plaintiffs, are entitled to recover from Defendants

10  their business-related expenses and costs incurred during the course and scope of their activities

11  for Defendants' benefit, plus attorneys' fees, costs and interest accrued from the date on which

12  the employee incurred the necessary expenditures.

13  **EIGHTH CAUSE OF ACTION**

14  **(For Common Law Conversion - By Plaintiffs Individually and on Behalf of All Drivers**

15  **and Helpers: California Civil Code §§ 3336 and 3294)**

16  71.    As a separate and distinct cause of action, Plaintiffs complain and reallege all the

17  allegations contained in this complaint, and incorporate them by reference into this cause of

18  action as though fully set forth herein, excepting those allegations which are inconsistent with

19  this cause of action.

20  72.    During the Class Period, Defendants have wrongfully withheld and failed to pay

21  Drivers and Helpers, including Plaintiffs, wages and other compensation due them for overtime

22  work, for meal and rest periods, and as otherwise required pursuant to the Employment Laws and

23  Regulations.

24  73.    At all relevant times, Defendants have had a legal obligation imposed by statute to

25  pay Drivers and Helpers, including Plaintiffs, all overtime wages and compensation due. Such

26  wages and compensation belong to Drivers and Helpers, including Plaintiffs, at the time the labor

27  and services are provided to Defendants and, accordingly, such wages and compensation are the

28  property of Drivers and Helpers, including Plaintiffs.

---

18

FIRST AMENDED COMPLAINT

74.     Defendants have knowingly and intentionally failed to pay Drivers and Helpers, including Plaintiffs, the legal minimum wage, overtime wages for hours worked over eight hours in a day and forty hours in a workweek, failed to compensate them for meal and rest periods, and failed to provide them with other compensation due.  Defendants have intentionally converted the wages and compensation of Drivers and Helpers, including Plaintiffs, by

a.     Withholding earned overtime wages and other compensation which the Drivers and Helpers, including Plaintiffs, owned or had the right to own and had the legal right to hold, possess and dispose of, and then,

b.     Taking the overtime wages and other compensation due to the Drivers and Helpers, including Plaintiffs, and utilizing such wages and compensation for Defendants' own use and benefit.

75.     Among other thing, by employing an unlawful company practice as demonstrated by Defendants' compensation scheme of paying "flat rate", Defendants have converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of Drivers and Helpers, including Plaintiffs.  Defendants' conversion has been done with the advance knowledge, express or implied authorization, and/or ratification of Defendants' respective corporate officers, directors and managing agents.

76.     In refusing to pay all of the wages, overtime wages, expense reimbursements and other compensation due to the Drivers and Helpers, including Plaintiffs, Defendants have knowingly, unlawfully and intentionally taken, appropriated and converted such wages and compensation for Defendants' own use, purpose and benefit.  At the time the conversion took place, Drivers and Helpers, including Plaintiffs, were entitled to immediate possession of the wages earned.

77.     The Drivers and Helpers, including Plaintiffs, have been injured by Defendants' intentional conversion of such wages and compensation.  The Drivers and Helpers, including Plaintiffs, are entitled to all monies converted by Defendants, with interest, as well as any and all profits, whether direct or indirect, which Defendants' acquired by their unlawful conversion.

///

19

FIRST AMENDED COMPLAINT

78.   Furthermore, Defendants' conversion was oppressive, malicious and/or in conscious disregard of the rights of Drivers and Helpers, including Plaintiffs, who are thus entitled to punitive damages.

### NINTH CAUSE OF ACTION

**(For Unfair Competition - By Plaintiffs Individually and on Behalf of All Drivers and Helpers: California Business & Professions Code §§ 17200, *et seq.*)**

79.   As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

80.   Defendants' violations of the Employment Laws and Regulations as alleged in this Complaint, including Defendants'

a.   Failure and refusal to pay Drivers and Helpers, including Plaintiffs, wages for all hours worked;

b.   Failure and refusal to pay Drivers and Helpers, including Plaintiffs, the legal minimum wage of $8.00;

c.   Failure and refusal to pay Drivers and Helpers, including Plaintiffs, overtime wages;

d.   Failure and refusal to provide Drivers and Helpers, including Plaintiffs, with meal and rest periods;

e.   Failure and refusal to provide Drivers and Helpers, including Plaintiffs, with timely and accurate wage and hour statements;

f.   Failure to pay Drivers and Helpers, including Plaintiffs, compensation in a timely manner upon their termination or resignation;

g.   Failure to maintain complete and accurate payroll records for Drivers and Helpers, including Plaintiffs; and

h.   Wrongful conversion of wages and compensation due to Drivers and Helpers, including Plaintiffs,

20

FIRST AMENDED COMPLAINT

1    all constitute unfair business practices in violation of the California Business &

2    Professions Code section 17200, *et seq.*

3        81.    Defendants have avoided payment of wages, overtime wages and other benefits as

4    required by the California Labor Code, the California Code of Regulations, and applicable

5    Industrial Welfare Commission Wage Orders.

6        82.    As a result of Defendants' unfair business practices, Defendants have reaped

7    unfair benefits and illegal profits at the expense of Drivers and Helpers, including Plaintiffs, and

8    members of the public.  Defendants should be made to disgorge their ill-gotten gains and to

9    restore them to Drivers and Helpers, including Plaintiffs.

10       83.    Defendants' unfair business practices entitles Plaintiffs to an order that

11   Defendants account for, disgorge and restore to the Drivers and Helpers, including Plaintiffs, the

12   wages and other compensation unlawfully withheld from them.

13                        **TENTH CAUSE OF ACTION**

14   **(Private Attorneys General Act - By Plaintiffs Individually and on Behalf of All Bar**

15                **Employees: Labor Code §§ 2698, *et seq.*)**

16       84.    As a separate and distinct cause of action, Plaintiffs complain and reallege all the

17   allegations contained in this complaint, and incorporate them by reference into this cause of

18   action as though fully set forth herein, excepting those allegations which are inconsistent with

19   this cause of action.

20       85.    Plaintiffs Victor Feuntes and Gene Garcia, Jr. are aggrieved employees as defined

21   in Labor Code § 2699 (a).  They brings this cause on behalf of themselves and other current and

22   former employees affected by the labor law violations alleged in this complaint.

23       86.    Defendants, at all times relevant to this complaint, were employers or persons

24   acting on behalf of an employer who violated Plaintiffs' rights by violating the Employment

25   Laws and Regulations, and are subject to civil penalties.

26       87.    Plaintiffs allege that on or about November 8, 2013, written notice was provided

27   to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific

28   violations of the California Labor Code Defendants have violated and continue to violate.

                                21

                        FIRST AMENDED COMPLAINT

88.     Pursuant to Labor Code section 2699.3, no response was received from the LWDA within 33 days of the postmark date of the November 8, 2013, letter.  Plaintiffs therefore have exhausted all administrative procedures required of them under Labor Code §§ 2698, 2699 and 2699.3, and, as a result, are justified as a matter of right in bringing forward this cause of action.

89.     As a result of the acts alleged above, Plaintiffs seek penalties under Labor Code §§ 2698 and 2699 because of Defendants' violations of numerous provisions of the California Labor Code.

90.     Pursuant to California Labor Code § 2699, Plaintiffs should be awarded twenty-five percent (25%) of all penalties due under California law, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all Drivers and Helpers, pray that the Court enter judgment in their favor and against Defendants as follows:

1.     For an Order requiring and certifying this action as a class action for the First through the Ninth Causes of Action and for the Tenth Cause of Action to be maintained as a representative action under the Private Attorneys General Act;

2.     For an Order appointing Plaintiffs' counsel as Class Counsel;

3.     For compensatory damages in an amount to be ascertained at trial;

4.     For restitution in an amount to be ascertained at trial;

5.     For punitive damages in an amount to be ascertained at trial;

6.     For penalties as required by the applicable Wage Order or otherwise by law;

7.     For prejudgment interest at the legal rate pursuant to California Labor Code section 218.6 and other applicable sections;

8.     For reasonable attorney's fees pursuant to California Labor Code §§ 1194;

9.     For cost of suit incurred herein;

10.    For disgorgement of profits garnered as a result of Defendants' unlawful failure to pay overtime premium compensation and meal and rest period compensation; and

22

FIRST AMENDED COMPLAINT

**Exhibit A**
**Page 27 of 78**
**43**

11.   For such further relief as the Court may deem appropriate.

DATED:   December _13_, 2013      LAW OFFICES OF THOMAS W. FALVEY
                                  THE LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____
MICHAEL H. BOYAMIAN
Attorneys for Plaintiffs VICTOR FUENTES, JOSE
AVILA, MARIO NAVARRO, and GEORGE
GARCIA, J.R., Individually and on Behalf of All
Similarly Situated Individuals

## DEMAND FOR JURY TRIAL

Plaintiffs Victor Fuentes, Jose Avila, Mario Navarro, and George Garcia, Jr., individually and on behalf of all similarly situated individuals, demand jury trial of this matter.

DATED:   December _13_, 2013      LAW OFFICES OF THOMAS W. FALVEY
                                  THE LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____
MICHAEL H. BOYAMIAN
Attorneys for Plaintiffs VICTOR FUENTES, JOSE
AVILA, MARIO NAVARRO, and GEORGE
GARCIA, J.R., Individually and on Behalf of All
Similarly Situated Individuals

23

FIRST AMENDED COMPLAINT

Letter to Labor and Workforce Development Agency
November 8, 2013
Page 3 of 4

Mr. Fuentes and Mr. Garcia seek to recover the unpaid compensation for all hours worked as defined by the applicable Industrial Welfare Commission wage order as the time during which an employee is subject to the control of an employer, and includes all the time the employee is engaged, suffered or permitted to work, whether or not required to do so. California law requires that all hours worked over 8 in a day or 40 in a week or worked on the 7th consecutive day of a work week be paid 1.5 times an employee's regular rate of pay. *See, e.g.,* Lab. Code §§ 510, 1194; Cal. Code Regs., tit. 8, § 11040 *et seq.* In addition, hours worked over 12 in a day or hours over 8 worked on the 7th consecutive day in a week are paid at 2 times an employee's regular rate of pay. *Id.*

Likewise, the pre-arranged delivery schedule, for which drivers and driver assistants, like Mr. Fuentes and Mr. Garcia have no discretion to change or alter, does not account for meal or break time. California law also requires that an employer provide an employee who works more than five hours a meal break that is no less than 30 minutes in duration. 8 CCR 11070(11)(A). Unless an employee is relieved of all duty during the 30-minute meal period, the meal period is considered an on-duty meal period and counted as time worked. *Id.* However, an on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-the-job paid meal period. *Id.* If an employer fails to provide an employee a lawful meal period, the employer must pay the employee one hour of pay for each violation. 8 CCR 11070(11)(D). Additionally, California law mandates that an employer must "authorize and permit" an employee to take a duty-free rest period not less than 10 minutes n duration for every four hours of work. 8 CCR 11070(12)(A). Violation of the rest break provisions requires the employer pay the employee one hour of pay for each workday a rest period was not provided. 8 CCR 11070(12)(B). Lastly, in California, the employer is required to keep records of all hours worked. Labor Code § 1174(d).

Additionally, Macy's and Eletto violated Lab. Code § 2802 by failing to indemnify drivers and helpers, including Mr. Fuentes and Mr. Garcia, for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Macy's and Eletto.

Because Mr. Fuentes and Mr. Garcia and other similarly situated drivers and driver assistants were not fully compensated for all hours worked, were deprived of overtime compensation, Macy's and Eletto also failed to provide accurate wage statements in a violation of Labor Code Section 226, and failed to fully compensate former employees in a timely manner when their employment ended, in violation of Labor Code Section 201 *et seq.*

Accordingly, we believe that Macy's and Eletto have violated, and continue to violate, numerous provisions of California law, including, without limitation Labor Code Sections §§ 201, 202, 203, 204, 210, 216, 221, 225.5, 226, 226.3, 226.7, 510, 511, 512, 551, 552, 558, 1194-1197.1, 1198, 2802, and 2698, *et seq.*, as well as the relevant IWC orders and regulations, and

Letter to Labor and Workforce Development Agency
November 8, 2013
Page 4 of 4

that Mr. Fuentes and Mr. Garcia and other similarly situated driver and driver assistants are
entitled to all damages, restitution and statutory penalties allowed by law.  Our investigation is
continuing, and there may be more violations uncovered.

        We respectfully request that the Labor Workforce Development Agency notify this office
within thirty (30) days if it wishes to investigate this matter further.  Should you have any
questions or concerns or require additional information, please do not hesitate to contact the
undersigned.

                        Sincerely,

                        LAW OFFICES OF THOMAS W. FALVEY

                        Michael H. Boyamian, Esq.

Cc:     Macy's West Stores, Inc. *(Sent via Certified U.S. Mail, Return Receipt Requested)*
        Attention: Corporation Service Company - Lawyers Incorporating Service (Agent for
        Service of Process)
        2710 Gateway Oaks Dr., Ste 150N.
        Sacramento, California 95833

        Joseph Eletto Transfer, Inc. *(Sent via Certified U.S. Mail, Return Receipt Requested)*
        Attention: Kenneth Dias (Agent for Service of Process)
        5001 Countryridge Ct.
        Salida, California 95368

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Labor and workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

LABOR DEVELOPMENT DEPT.
800 Capitol Mall
Sacramento, CA 95814

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7008 3230 0002 3103 2802

PS Form 3811, February 2004        Domestic Return Receipt

---

**USPS Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

7008 3230 0002 3103 2802

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Labor and Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

LAW OFFICES OF

THOMAS W. FALVEY

THOMAS W. FALVEY
J.D. HENDERSON
MICHAEL H. BOYAMIAN

301 NORTH LAKE AVENUE, SUITE 800 · PASADENA, CALIFORNIA 9101 · (626) 795-0205 · WWW.FALVEYLAW.COM

November 8, 2013

**SENT VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED**

Labor and Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, California 95814

> Re: *Fuentes, Victor, et al. adv. Macy's West Stores, Inc.*
>      Notice of PAGA Claims Pursuant to Labor Code § 2699.3

To Whom It May Concern:

We represent Victor Fuentes and Gene Garcia, Jr. with respect to claims on behalf of themselves and other similarly situated current and former drivers and driver assistants (commonly referred to as "Helpers") of Macy's West Stores, Inc. ("Macy's") and Joseph Eletto Transfer, Inc. ("Eletto"). The purpose of this letter is to satisfy the notice requirements of Labor Code § 2699.3(a). Below we set forth the facts and theories which we believe support our contention that Macy's and Eletto have violated and continue to violate various provisions of the California Labor Code including, but not limited to, payment of minimum wages and overtime wages. This letter serves as a supplement to the letter sent to the Labor and Workforce Development Agency on October 17, 2013.

Facts & Theories About the Case

Macy's and Eletto have violated California's labor laws with respect to paying its drivers such as Mr. Fuentes, and driver assistants such as Mr. Garcia, for all hours worked, including overtime payment, among other things. Macy's is one of the nation's premier chain of department stores and is a retailer of a variety of private and in-store brands. Drivers are responsible for, among other things, maintaining quality control, delivering purchased products to Macy's customers at their place of work or residence, and ensuring that customer service is achieved in accordance to Macy's standards. Driver Assistants or Helpers assist Drivers in delivering Macy's products to Macy's customers.

Our investigation has revealed that Macy's unlawfully classifies its drivers and driver assistants as independent contractors when, in fact, they are heavily regulated through a barrage of restrictions and directives through Macy's and Eletto. Specifically, Macy's directs Eletto to secure truck owners to have them then contract with Macy's for purposes of delivering Macy's products to its customers. These truck owners go to Macy's Logistics and Operations Center and go through a hiring process with Macy's employees who office at the same Eletto site. Truck owners are hired by Macy's and are required to have a Macy's banner put on the truck. Truck

**Exhibit A
Page 32 of 78
48**

Letter to Labor and Workforce Development Agency
November 8, 2013
Page 2 of 4

owners then bring on drivers, like Mr. Fuentes, and driver assistants, like Mr. Garcia, who are also evaluated by Macy's employees for hiring purposes.

Truck owners, drivers, and driver assistants are instructed that the banner cannot be removed without the owner paying $2,500 to have it removed. But Macy's and Eletto don't stop there. Macy's and Eletto have a series of other directives that truck owners, drivers, and driver assistants must abide by despite the fact that Macy's and Eletto unlawfully classifies these drivers and driver assistants as independent contractors. Those directives, include, but are not limited to, the following: (1) the truck cannot be used for any other purposes while having the Macy's banner; (2) the truck must be left at the Eletto site at the end of the work day; (3) the delivery schedules is set and controlled by Macy's and cannot be varied by the driver or the driver assistant; (4) the truck owners may hire driver assistants or helpers but they must be trained and approved by Macy's; (5) drivers and driver assistants must wear Macy's distinct uniform; (6) drivers and driver assistants must announce themselves to Macy's customers as "Macy's delivery" and "from Macy's" and drivers even have business cards that they give out to customers carrying the Macy's logo; (7) owners and drivers must provide felt and plastic on their own; (8) each morning the drivers and helpers must go through a process of "role-playing" where Macy's employees evaluate whether the driver has met Macy's expectation of delivery and customer service; (9) on each delivery, drivers and driver assistants must use a red carpet provided by Macy's in delivering Macy's products and if that red carpet is lost or destroyed, then the driver and/or helper must purchase a red carpet for $200; (10) if a customer has furniture and offers it to driver or helper, Macy's considers the donation as Macy's property and it must be left at warehouse; (11) drivers and driver assistants must offer to vacuum the floor when they remove furniture; (12) if drivers or driver assistants are requested to remove mattress, they must do it even if it is covered in bedbugs, feces, or blood; (13) if any of the furniture is damaged, even if the damage comes from the store, the driver and/or driver assistant must pay for it and/or receives a negative evaluation; (14) drivers and helpers must leave customers with a performance checklist with "Macy's" printed on it, and customers are encouraged to provide feedback directly to Macy's to rate the performance of the driver or helper; (15) driver must obtain worker's compensation insurance and umbrella insurance at their own expense and most have to buy umbrella insurance from Macy's.

Furthermore, drivers and driver assistants are paid a flat rate, i.e., $120 a day for driver and $100 a day for driver assistant, regardless of how many hours were actually worked. This "flat rate" constitutes an unlawful piece-rate compensation system because drivers and helpers had no control over how many hours they worked and could do nothing to change the amount of pay through their own efficiencies. In addition, Macy's paid drivers .32 cents per mile for mileage - which is far below the federally-mandated, permissible rate of .50 cents per mile. This unlawful piece-rate system also did not account for all the work performed by drivers and driver assistants, like Mr. Fuentes and Mr. Garcia, who typically worked 12 to 15 hours a day and performed various non-driving tasks all under the control and direction of Macy's.